NO. 12-03-00027-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HAZEL BERNICE TILTON,
§
 APPEAL FROM THE 294TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT
OF


THE STATE OF TEXAS,

APPELLEE
§
 VAN ZANDT COUNTY, TEXAS

 

MEMORANDUM OPINION


PER CURIAM


 Hazel Bernice Tilton ("Appellant") appeals her conviction for felony driving while
intoxicated, for which she was sentenced to imprisonment for six years and fined five thousand
dollars. Appellant's counsel filed a brief in compliance with Anders v. California, 386 U.S. 738,
87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969). We dismiss for want of jurisdiction.


Background

 Appellant was charged by indictment with driving while intoxicated, a third degree
felony. (1) Pursuant to a plea bargain with the State, Appellant pleaded guilty as charged. In
accordance with the terms of Appellant's plea bargain, the trial court sentenced Appellant to
imprisonment for six years and fined Appellant five thousand dollars. Appellant filed a pro se
notice of appeal.


Jurisdiction

 Appellant's counsel initially notes that this court is without jurisdiction to consider this
matter. In a plea bargain case-that is, a case in which defendant's plea is guilty or nolo
contendere and the punishment did not exceed the punishment recommended by the prosecutor
and agreed to by the defendant-a defendant may appeal only: (A) those matters that were raised
by written motion filed and ruled on before trial, or (B) after getting the trial court's permission
to appeal. Tex. R. App. P. 25.2(a)(2). Moreover, in a plea bargain case, where the punishment
did not exceed the punishment recommended, and where the trial court does not grant Appellant
permission to appeal, an appellant may not appeal contending that his plea was entered
involuntarily. See Cooper v. State, 45 S.W.3d 77, 77 (Tex. Crim. App. 2001).

 The record in the instant case reflects that Appellant entered into a plea bargain with the
State, pleaded guilty, waived her right to appeal, and was sentenced in accordance with the terms
of her plea bargain. The record neither reflects that the trial court granted Appellant permission
to appeal her case, nor includes any written pretrial motions Appellant filed which the trial court
ruled upon before trial. As such, pursuant to Texas Rule of Appellant Procedure 25.2(a) and the
court of criminal appeals' holding in Cooper, we hold that we are without jurisdiction to consider
this matter.

 

Analysis Pursuant to Anders v. California

 Even if we had determined that we had jurisdiction over this matter, the outcome would
not have been favorable to Appellant. Appellant's counsel filed a brief in compliance with
Anders and Gainous. Appellant's counsel states that if this court does not dismiss for want of
jurisdiction, he has diligently reviewed the appellate record and is of the opinion that the record
reflects no reversible error and that there is no error upon which an appeal can be predicated. He
further relates that he is well acquainted with the facts in this case. In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents
a chronological summation of the procedural history of the case, and further states that
Appellant's counsel is unable to raise any arguable issues for appeal. (2) We have likewise reviewed
the record for reversible error and have found none.


Conclusion

 As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's
counsel has moved for leave to withdraw. We carried the motion for consideration with our
consideration of this matter. Having done so and determining that we do not have jurisdiction
over the matter, Appellant's counsel's motion for leave to withdraw is hereby granted and this
appeal is dismissed for want of jurisdiction.




Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.
















(DO NOT PUBLISH)
1. See Tex. Pen. Code Ann. §§ 49.04, 49.09(b) (Vernon 2003).
2. Counsel for Appellant certified in his motion to withdraw that he provided Appellant with a copy of this
brief and that Appellant was given time to file her own brief in this cause. The time for filing such a brief has
expired and we have received no pro se brief.